UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-131** |
| **RUBEN GEIGER** | **SECTION: D** |

### ORDER AND REASONS

Defendant Ruben Geiger filed a *pro se* Motion to Amend his Sentence under Federal Rule of Criminal Procedure 36.[1] The Government filed an Opposition.[2] Geiger's lawyer, who had not withdrawn from the case, then filed a "Memorandum in Support" of Geiger's Motion.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

On August 21, 2014, Defendant Ruben Geiger was indicted for violations of the Federal Controlled Substance Act and the Federal Gun Control Act.[4] A Grand Jury returned an Indictment charging the Defendant with violations of 18 U.S.C. § 841 and § 846 for conspiracy to knowingly and intentionally distribute and possess with intent to distribute 28 grams or more or cocaine base (count one); and 18 U.S.C. § 924(o) for conspiracy to possess firearms in furtherance of drug trafficking crimes (count two).[5]

---

[1] R. Doc. 940.
[2] R. Doc. 945.
[3] R. Doc. 947.
[4] R. Doc. 17.
[5] *Id.*

On February 4, 2015, Defendant withdrew his former not guilty pleas and pleaded guilty to counts one and two of the superseding indictment.[6] Defendant was committed to the custody of the United States Bureau of Prisons for 220 months, with his sentence to be run concurrent to any state court proceedings.[7] Defendant is currently incarcerated in Bennettsville FCI in South Carolina.[8]

While incarcerated in South Carolina, Defendant filed a *pro se* Motion,[9] alleging the Federal Bureau of Prisons has refused to give him credit for the 30 months he served pursuant to state charges which formed the basis for the federal prosecution at issue.[10] Defendant cites Federal Rule of Criminal Procedure 36 as the legal standard for his argument.[11]

The Unites States Government ("Government") filed an opposition to Defendant's Motion, in which it asserts that Federal Rule of Criminal Procedure 36 is the incorrect mechanism to challenge a calculation of credit for time served.[12] Instead, the Government maintains the Defendant must file a writ of habeas corpus in the district in which he is incarcerated.[13] Geiger's lawyer then filed a "Pro Bono/Standby Counsel's Memorandum in Support of Motion to Correct Judgment or in the Alterative, Request for Stay."[14] Geiger's lawyer argues that the sentencing

---

[6] R. Doc. 180; R. Doc. 181.
[7] R. Doc. 290.
[8] *See Inmate Locator*, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Sept. 24, 2020).
[9] R. Doc. 940.
[10] *Id.* at p. 2.
[11] *Id.*
[12] R. Doc. 945, p. 2.
[13] *Id.*
[14] R. Doc. 947.

court intended to account for Geiger's time in state prison, and further argues that this Court may correct the judgment by reducing Geiger's sentence by thirty months, to a total of 190 months, in order to take into account the time Geiger spent in state custody.

The Court first addresses the fact that Defendant filed a *pro se* motion while represented by counsel. Because Geiger was still represented by counsel, his initial *pro se* Motion is procedurally improper. However, in an effort to address this matter on the merits, the Court construes Geiger's counsel's memorandum as a Motion to Correct Sentence, as it largely incorporates the same arguments made by Geiger in his *pro se* motion.

On the merits, Defendant's counsel argues that the Court correct the judgment under Federal Rule of Criminal Procedure 36 which states in relevant part, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[15] To the extent that Defendant seeks an order from this Court amending the judgment, the Court denies the request. At sentencing, Defendant's counsel asked that the sentencing judge "make reference to the time running concurrent" with Defendant's state court proceeding.[16] The Government had no objection.[17] The Court then stated: "All right. So ordered. The Court will make the term concurrent with the state court proceeding Mr. Magner just referenced by docket number."[18] The Court's judgment

---

[15] Fed. R. Crim. P. 36.
[16] R. Doc. 947-1 at 23.
[17] *Id.* at 23.
[18] *Id.* at 23.

appropriately reflects that exchange. It states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 220 months as to Counts 1 and 2 of the Superseding Indictment *to run concurrently with any state court proceeding.*"[19] There is no indication that the sentencing judge actually intended to *reduce* Defendant's total federal sentence imposed from 220 months to 190 months, but only that the federal and state terms should run concurrent. The Court does not find there was a clerical error in the judgment issued in this case. To the contrary, the judgment correctly states the sentence as enunciated by the trial judge at sentencing. Thus, to the extent that Defendant seeks an amended to the judgment from this Court, the Motion is denied.

Defendant's issue seems to be that the BOP is not giving Geiger credit for the thirty months he served in state custody. To the extent this is true, Federal Rule of Criminal Procedure 36 is not the proper vehicle for the remedy Defendant seeks.

The Court in *United States v. Mares* makes it clear that "[a] claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed.R.Crim.P. 36. The claimant must instead proceed via a petition for habeas corpus under 28 U.S.C. § 2241. The claimant must file that petition in the district where he is incarcerated; if the claimant files in another district, that court has no jurisdiction to hear the petition."[20] Based on *Mares* and subsequent court decisions, it is evident that Defendant cannot bring a claim to correct his sentence

---

[19] R. Doc. 290 at 2 (emphasis added).
[20] *Mares*, 868 F.2d at 151 (internal citation omitted).

under Federal Rule of Criminal Procedure 36.[21] Even if the Court were to construe Defendant's motion as a petition for habeas corpus under 28 U.S.C. § 2241, the Court would lack jurisdiction. Defendant is incarcerated in Bennettsville FCI in South Carolina.[22] A petition to correct his sentence would properly be filed in that district. Because this Court lacks jurisdiction to hear Defendant's claim, the motion must, therefore, be denied.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion pursuant to Federal Rule of Criminal Procedure 36 is **DENIED WITH PREJUDICE**. This denial does not, however, operate, nor is it intended, to prevent Defendant from filing a petition for writ of habeas corpus in a court of proper jurisdiction to address his grievance.

New Orleans, Louisiana, September 24, 2020.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[21] Although *Mares* was decided thirty years ago, the Fifth Circuit has continued to rule a miscalculation of sentence is not cognizable under Fed.R.Crim.P.36. See *United States v. Jackson*, 714 F. App'x 436, 438 (5th Cir. 2018) (concluding claimant's argument that the Bureau of Prisons incorrectly calculated his sentence cannot be brought under Rule 36, but rather in a motion under 28 U.S.C. § 2241, filed in the district where the prisoner is incarcerated); see also *United States v. Coats*, 672 F. App'x 512, 513 (5th Cir. 2017); see also *Bolton v. United States*, 693 F. App'x 360 (5th Cir. 2017).
[22] R. Doc. 945 at 2.